# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HRI PROPERTIES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-1601** |
| **ROY ANDERSON CORP, ET AL.** | **SECTION I** |

## ORDER & REASONS

This case arises out of a January 2020 incident in the building located at 225 Baronne Street in New Orleans involving a burst pipe and alleged water damage to property. Before the Court are two motions for summary judgment as to a variety of claims filed by third-party defendants in the matter and two filed by defendants. As set forth below, the Court denies two of the motions in full, and denies in part the third, concluding that genuine issues of material fact exist as to each claim. However, it grants the fourth motion.

Defendant/Third-Party Defendant Spears Manufacturing Co. ("Spears") moves[1] for summary judgment as to the claims asserted against it by the plaintiffs and by third-party plaintiffs Roy Anderson Corp ("RAC") and Arena Fire Protection, Inc. ("Arena"). Spears allegedly manufactured the pipe at issue. Spears argues that the non-moving parties cannot demonstrate that their use of the pipe was reasonably anticipated, as required by the Louisiana Products Liability Act ("LPLA"), in light of a warning against the use of chemicals printed on the pipe at issue. The Court

---

[1] R. Doc. No. 88.

concludes that a genuine issue of material fact exists as to whether Spears in fact reasonably anticipated the use.[2] The Court will therefore deny the motion.

Defendant/Third-Party Defendant Hilti, Inc. ("Hilti") also moves[3] for summary judgment as to the claims asserted against it by the plaintiffs and third-party plaintiffs. Hilti allegedly manufactured a fireproofing spray that was allegedly over-sprayed onto the pipe at issue, contributing to its rupture.[4] Much like Spears, Hilti alleges that it could not have reasonably anticipated its spray being used as it was, precluding recovery under the LPLA. But the Court once again concludes that a genuine issue of material fact exists as to whether Hilti in fact reasonably anticipated the use. The Court will therefore deny the motion in that respect.

Hilti also argues that negligence claims asserted by RAC and Arena must be dismissed as a matter of law because the LPLA sets forth exclusive theory of liability against a manufacturer for damages caused by its products.[5] RAC and Arena did not offer any opposition to this argument, and the Court previously granted a Rule 12(b)(6) motion filed by Spears addressing the same issue.[6] The LPLA precludes claims for negligence against manufacturers for damage caused by their poducts. *See, e.g.*, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The Court

---

[2] In a reply, Spears argues that, (1) because the plaintiffs filed no opposition to the motion for summary judgment, they have dropped their claims, and (2) that RAC and Arena cannot maintain claims where the plaintiffs do not. R. Doc. No. 117, at 8–9. But Spears offers the Court no precedent to support the first of those propositions. The Court therefore need not reach the second.
[3] R. Doc. No. 89.
[4] *See* R. Doc. No. 89-1.
[5] *Id.* at 13.
[6] R. Doc. No. 60.

2

will therefore grant Hilti's motion for summary judgment as to the third-party plaintiffs' negligence claims.

Third-Party Defendant HCI Architecture, Inc. ("HCIA") moves[7] for summary judgment as to the Third-Party Plaintiffs' claims against it, arguing that RAC and Arena cannot demonstrate that its acts or omissions were a cause-in-fact of any harm suffered, as required by Louisiana law.[8] The claims against HCIA arise from its role in the planning and construction within the building at issue, as well as its inspection of the premises. The record indicates that HCIA in fact inspected the premises. Given that, the Court concludes that a genuine issue of material fact exists as to whether HCIA's failure to alert RAC to the alleged overspray was a cause-in-fact of the incident. It will therefore deny the motion.

Defendant J-Kaulk Firestopping, Inc. ("J-Kaulk") also moves[9] for summary judgment as to the plaintiffs' negligence claim against it; the plaintiffs allege that J-Kaulk negligently applied Hilti's fire suppression spray on CPVC piping in the building, causing the CPVC pipe failure.[10] J-Kaulk's motion was submitted without opposition, so the following facts are not disputed.

In March 2014, J-Kaulk entered into a subcontract with Gallo Mechanical, LLC to apply fire-stopping caulk to all areas throughout the building where pipes related to the mechanical, electrical, or plumbing systems penetrated fire-rated walls.

---

[7] R. Doc. No. 90.
[8] R. Doc. No. 90-2, at 7–10.
[9] R. Doc. No. 92.
[10] R. Doc. No. 8, at 15–17, ¶¶ 63–69.

3

However, this work did not include application of the Spray.[11] J-Kaulk later contracted with RAC to apply caulk to the fire suppression system.[12] This contract also did not include application of the spray.[13]

Later, RAC contracted with J-Kaulk to apply the spray in the parking garage.[14] However, J-Kaulk's application of the spray was only in the parking garage, where there is no CPVC piping.[15] Accordingly, there is no evidence that J-Kaulk ever applied the spray to any CPVC pipes in the building or in any area where CPVC pipes are located. Instead, the evidence submitted in discovery by RAC shows that another company, Coryell County Tradesmen, LLC, applied the spray to the CPVC piping in the building.[16]

Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability

---

[11] R. Doc. No. 92-1, at 3.
[12] R. Doc. No. 92-4, at 17.
[13] *Id.*
[14] *Id.* at 7.
[15] *Id.*; *id.* at 5 (stating that J-Kaulk applied the Spray in the "parking area down there").
[16] *Id.* at 18; R. Doc. No. 92-5, at 14.

4

or scope of protection element); and (5) the actual damages (the damages element).

*Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (internal citations omitted). "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994). No party has argued the scope of any duty that J-Kaulk owed to the plaintiffs—or whether any breach thereof occurred—so this Court need not address the first two elements.

A party whose conduct is not a "but for" cause of an alleged injury is not a cause-in-fact of that injury and therefore cannot be held liable for that injury under a theory of negligence. *Fla. Gas Transmission Co., LLC v. Texas Brine Co., LLC*, 282 So. 3d 256, 260–61 (La. Ct. App. 1st Cir. 2019), *writ denied*, 282 So. 3d 1066 (La. 2019) (affirming dismissal of the plaintiff's claims because the plaintiff could not prove that its injuries would not have occurred "but for" the defendant's actions). Because J-Kaulk did not apply the spray to any area where CPVC piping was located,[17] J-Kaulk could not have been a "but for" cause of the failure of the CPVC piping which resulted in the plaintiffs' injuries.

The plaintiffs have not attempted to genuinely dispute that J-Kaulk was a cause-in-fact of their injuries—and all the evidence to which J-Kaulk points suggests it could not be. Therefore, J-Kaulk's motion will be granted; the plaintiffs' claim against J-Kaulk will be dismissed with prejudice.

---

[17] *See* R. Doc. No. 92-4.

Accordingly,

**IT IS ORDERED** that the motions for summary judgment filed by Spears and HCIA are **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Hilti is **GRANTED IN PART**, in that the negligence claims asserted against it are **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the J-Kaulk's motion for summary judgment is **GRANTED**; the plaintiffs' claim against J-Kaulk is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 8, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**