# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HRI PROPERTIES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-1601** |
| **ROY ANDERSON CORP., ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion for partial summary judgment, filed jointly by all plaintiffs[1] in this matter, to strike defendant Roy Anderson Corp.'s ("RAC") "comparative fault defenses as they relate to Counts I and VII of Plaintiffs' First Amended Complaint."[2] RAC and third-party defendant HCI Architecture, Inc. ("HCIA") (collectively, the "defendants") both filed memoranda in opposition,[3] to which the plaintiffs replied.[4] The Court grants the motion for the reasons below.

## I.

This case arises out of a January 2020 incident in the building located at 225 Baronne Street in New Orleans; a CPVC pipe, part of the building's fire sprinkler system, burst and caused water damage in the building. The plaintiffs, entities owning and/or associated with the building, hired RAC as a general contractor to

---

[1] The plaintiffs are: HRI Properties, LLC; 225 Baronne Complex, LLC ("225 Baronne Complex"); 225 Baronne Complex Tenant, LLC; 225 Baronne Complex Subtenant, LLC; Certain Underwriters at Lloyd's of London subscribing to policy number PRPNA1903212 ("Lloyd's"); and ACE American Insurance Company ("Ace") (Ace and Lloyd's are referred to collectively as the "Insurers"). R. Doc. No. 8, at 2–3 ¶¶ 1–6.
[2] R. Doc. No. 87, at 4.
[3] R. Doc. Nos. 94 & 95.
[4] R. Doc. Nos. 113 & 114.

renovate the building. The errant application of firestopping spray to the CPVC pipe by a subcontractor allegedly weakened the pipe, causing it to burst. The plaintiffs sued RAC, among others. As relevant here, RAC was named in Counts I and VII of the plaintiffs' first amended complaint.

The plaintiffs argue that, because Counts I and VII assert only breach of contract claims, and because a comparative fault defense is unavailable for such claims under Louisiana law, RAC's comparative fault affirmative defenses must be struck as to Counts I and VII.

The defendants reject both premises, arguing that (1) Counts I and VII assert *hybrid* breach of contract *and negligence* claims,[5] and (2) the plain text of the relevant statute, Civil Code article 2323, provide that comparative fault may be "asserted under any law or legal doctrine or theory of liability." *See* La. Civ. Code art. 2323(B). To support the latter argument, HCIA relies on *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So. 3d 656 (La. 2015), which held that article 2323 allows for a comparative fault defense to be asserted by a party sued under Louisiana's merchant liability statute.[6] HCIA also points to Civil Code article 2003—a codal article that limits an obligee's damages if the obligee's own negligence contributed to

---

[5] R. Doc. No. 95, at 5 ("Defendant Roy further breached the express/implied contract and warranty with 225 Baronne Complex . . . [by] [n]*egligently* delegating, hiring, and/or supervising workmanship and safety of the services delegated and/or subcontracted out" and "[n]*egligently* and improperly directing others in connection with the work on the Suppression System and Spray") (quoting R. Doc. No. 8, at 9 ¶¶ 44(f)–44(g))); *id.* (making the same observation as to Count VII, citing R. Doc. No. 8, at 22 ¶¶ 97(f)–97(g)).
[6] R. Doc. No. 94, at 4.

the obligor's failure to perform—to argue that comparative fault may be applied to a contract claim.⁷ Further, RAC argues that one of the challenged paragraphs of its answer does not simply raise an affirmative defense of comparative fault, but also "incorporates the limits of liability limitations [sic] contained in the contract between RAC and 225 Baronne Complex."⁸

The plaintiffs reply that Counts I and VII assert breach of contract claims, as separate counts raise negligence claims. They argue that RAC's arguments as to limitation of liability put the cart before the horse—the only question before the Court is whether comparative fault, as defined in article 2323, may be asserted as a defense to a breach of contract claim; the merits of the contractual duties and limitations of liability between the parties need not be decided now. As for HCIA, the plaintiffs respond that *Thompson* was a negligence case—a slip-and-fall case in which the court held that article 2323 may be applied to apportion an amount of fault to the defendant's subcontractor for negligently maintaining the defendant's floors.⁹ The plaintiffs have the better side of the argument.

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment

---

⁷ *Id.*
⁸ R. Doc. No. 95, at 6 ("Plaintiffs' alleged damages in this matter were caused by the actions or inactions of third-parties for whom RAC is not responsible." (quoting R. Doc. No. 20, at 27 ¶ 155)).
⁹ R. Doc. No. 114, at 2.

3

as a matter of law. Fed. R. Civ. Proc. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be

4

presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III.

The Court starts its analysis with a review of the plaintiffs' principal case, *Hanover Ins. Co. v. Plaquemines Par. Gov't*, No. 12-1680, 2015 WL 4167745, at *1 (E.D. La. July 9, 2015) (Milazzo, J.). There, in a thorough and well-reasoned opinion, another section of this Court made an *Erie* guess to conclude that article 2323 does not apply to breach of contract claims. *Id.* at *6. The Court found persuasive the Louisiana Supreme Court's repeated references to tort law when called on to analyze the scope of article 2323, which it explained was enacted "to abolish solidary liability among non-intentional *tortfeasors* and to place Louisiana in a pure comparative fault system." *Id.* at *5 (quoting *Dumas v. State ex rel. Dep't of Culture, Rec. & Tourism*, 828 So. 2d 530, 535 (La. 2002) (emphasis in original)). The Court observed that, while *Dumas* made repeated references to tort law, the case "ma[de] no reference to the amendments altering other theories of recovery." *Id.* The Court found that

5

"persuasive," particularly alongside its observation that "no Louisiana court has applied comparative fault principles to a breach of contract claim." *Id.*[10]

The Court further explained that the defendants' reliance on article 2323(B)[11]—on which HCIA here also relies—was misplaced in light of Louisiana's civil law tradition: "Unlike statutes enacted in common law jurisdictions, the articles of a civil code are carefully organized according to their subject matter. The Louisiana Supreme Court has long held that civil code articles should be construed with regard to their subject matter." *Id.* at *5 (citing, *inter alia*, *Posciask v. Moseley*, 122 So. 3d 533, 541 (La. 2013)); *see also Posciask*, 122 So. 3d at 541 (applying the doctrine of *in pari materia*). Because article 2323 is codified in Title V of Book III of the Civil Code, which deals with obligations that arise without agreement, instead of Title IV of Book III, which governs contract law, the Court reasoned that "article 2323 was intended to apply to tort law only." *Id.*

*Hanover*'s reasoning is sound, and this Court joins the others that have since followed its approach—in both redhibition and breach of contract cases. *See, e.g.*, *Justiss Oil Co. v. Oil Country Tubular*, 216 So. 3d 346, 357 (La. Ct. App. 3d Cir. 2017)

---

[10] The Court noted, however, that some Louisiana courts had previously applied comparative fault to redhibition claims. *Hanover*, 2015 WL 4167745, at *3 (citing *Petroleum Rental Tools, Inc. v. Hal Oil & Gas Co.*, 701 So. 2d 213 (La. Ct. App. 1st Cir. 1997)). *But see Hoffman v. B & G, Inc.*, 215 So. 3d 273, 282 (La. Ct. App. 1st Cir. 2017) (concluding that article 2323 does not apply to redhibition claims).

[11] As noted above, article 2323(B) provides that "The [comparative fault] provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability." HCIA argues this mandates that comparative fault must be applied to contract cases.

6

("We . . . agree with th[e] analysis [in *Hanover*] of our law on torts and contracts. We therefore hold that comparative fault, as provided in La. Civ. Code art. 2323, does not apply to an action in redhibition."); *Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations, LLC*, No. 15-129, 2021 WL 533710, at *4 (E.D. La. Feb. 12, 2021) (Vitter, J.) (citing *Hanover* and noting "that because article 2323 is found in Title V of Book III of the Civil Code, it is intended to apply only to tort law"); *see also Hoffman*, 215 So. 3d at 282 ("A redhibition suit is a contractual action. Comparative fault may not be asserted as a defense in an action for redhibition."); *Touro Infirmary v. Sizeler Architects*, 900 So. 2d 200, 205–06 (La. Ct. App. 4th Cir. 2005) (same). Accordingly, article 2323 does not provide a comparative fault defense to a breach of contract claim.

The defendants' arguments to the contrary are unavailing. First, HCIA relies on article 2003, arguing that "applying comparative fault [as a defense to breach of contract claims] is consistent with La. Civ. Code Art. 2003."[12] But that article—a provision in the Civil Code that limits an obligee's damages on a breach of contract claim if an "obligee's negligence contributes to the obligor's failure to perform"—actually cuts *against* applying article 2323 to contract cases. *Hanover* reasoned the same; relying on both articles 2003 and 1804, which are found in the contracts section of Book III, to conclude: "that the contracts section of the Code contains its own set of rules regarding damages also counsels against importing a tort article into contract cases." *Hanover*, 2015 WL 4167745, at *6; *see also id.* (observing that article 1804 "specifically provides that damages are allocated in one manner among co-obligors to

---

[12] R. Doc. No. 94, at 4.

7

a contract and in a different manner among co-obligors to an offense or quasi-offense" (citing La. Civ. Code art. 1804)). It would make no sense to import tort-based comparative fault rules when the contractual articles already have their own rules for apportioning fault.

Second, HCIA relies on *Thompson* to argue that article 2323 must apply to contract cases. Not so. *Thompson*, as noted above, was a merchant's liability case in which the Louisiana Supreme Court concluded that "[s]tatutory duties imposed on one *tortfeasor* [under the merchant's liability statute] do not excuse *joint tortfeasors* from the consequences of their own negligent acts." *Thompson*, 181 So. 3d at 664 (emphasis added). *Thompson* was a tort case. Unsurprisingly, the court applied article 2323 to apportion fault to the defendant's subcontractor whose negligence created the hazard on which the plaintiff slipped. *Id.* The court said nothing about applying article 2323 to contract claims. And this Court can find no cases extending *Thompson* to contract claims; HCIA points to none either.

Notwithstanding whether article 2323 may generally apply to contractual claims, RAC argues that it should at least apply here, where the plaintiffs' contract claims "intermingle breach of contract and warranty allegations with allegations of negligence."[13] The plaintiffs respond unequivocally that they "clearly alleged breach

---

[13] R. Doc. No. 95, at 5 (Count I: "Defendant Roy further breached the express/implied contract and warranty with 225 Baronne Complex . . . [by] [n]*egligently* delegating, hiring, and/or supervising workmanship and safety of the services delegated and/or subcontracted out" and "[n]*egligently* and improperly directing others in connection with the work on the Suppression System and Spray") (quoting R. Doc. No. 8, at 9 ¶¶ 44(f)–44(g))); *id.* (making the same observation as to Count VII, citing R. Doc. No. 8, at 22 ¶¶ 97(f)–97(g)).

8

of contract in counts I and VII," and point out that RAC zooms in on the plaintiffs' two uses of the word "negligently" within each Count—while ignoring the thrust of the plaintiffs' remaining allegations.[14]  The Court agrees that the claims sound in breach of contract, not tort.  And to the extent Counts I and VII assert negligence claims against RAC, they would be duplicative of Counts II and VII, both of which already assert negligence against RAC.[15]  RAC's argument is meritless.

As for RAC's arguments about the contract's limitation-of-liability language: that goes to the merits of the contract claims and the scope of duty allocated between the parties.  Those issues are not before the Court on the plaintiffs' instant motion, because they have nothing to do with whether a defendant may assert comparative fault under article 2323 as an affirmative defense to a breach of contract claim.  The Court expresses no opinion as to any of those arguments here.

The Court therefore will grant the plaintiffs' motion insofar as RAC attempts to rely on article 2323 as a defense to the plaintiffs' breach of contract claims in Counts I and VII. The Court agrees with RAC, however, that striking the affirmative defense of comparative fault in full—to the extent the plaintiffs request that relief, which is doubtful[16]—would be an overbroad remedy, as RAC's defense appears to apply not only to the contract claims, but to all claims for damages against it.[17]

---

[14] R. Doc. No. 113, at 2.
[15] *See* R. Doc. No. 8, at 10 & 23.
[16] *See* R. Doc. No. 87-2, at 2 ("Motion for Partial Summary Judgment to Strike Defendant Roy Anderson Corp.'s Comparative Fault Affirmative Defenses *as they Relate to Plaintiffs' Breach of Contract Claims*." (emphasis added)).
[17] *See* R. Doc. No. 20, at 26 ¶ 150 ("Any alleged damages caused by RAC are subject to Louisiana's comparative fault laws."); *id.* at 27 ¶ 155 ("Plaintiffs' alleged damages

Because the plaintiffs separately claim negligence against RAC,[18] the comparative fault defense should not be stricken as to all claims. Therefore, the Court clarifies and concludes only that the defense, as it is defined and provided for in article 2323, is unavailable as to Counts I and VII.

IV.

**IT IS ORDERED** that the plaintiffs' motion is **GRANTED** insofar as RAC's affirmative defense of comparative fault—to the extent it derives from and is defined by La. Civ. Code art. 2323—may not be asserted against the plaintiffs' breach of contract claims in Counts I and VII of the first amended complaint.

New Orleans, Louisiana, July 12, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

in this matter were caused by the actions or inactions of third-parties for whom RAC is not responsible.").
[18] *See* R. Doc. No. 8, at 10 & 23.